THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR GARCIA-CARTAGENA,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | **Civil No. 20-1696 (ADC)**<br>[Related to Crim. No. 07-121-24 (ADC)] |

## **MEMORANDUM AND ORDER**

Pending before the Court is petitioner Hector García-Cartagena's ("petitioner") *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. Petitioner alleges that during his sentencing for violation of his supervised released conditions, his attorney failed to argue that his sentence should run concurrent in part to a state court sentence he was then serving. *Id.*, at 2. He argues that if U.S. Sentencing Guideline ("U.S.S.G.") section 5G1.3(d)(4)(D) had been applied, he would have been credited ten months to his sentence. *Id.*, at 2-3.

In compliance with an order from the Court, petitioner's trial counsel, Edwin A. Mora-Rolland of the Federal Public Defender's office, filed a response to petitioner's motion where he indicates, with citations to the sentencing transcript, that he in fact argued for the imposition of a concurrent sentence. **ECF No. 4** at 2 (citing Transcript of Revocation Hearing, *United States v. Rivera-Morena, et. al.*, Crim No. 07-121 (ADC) (D.P.R. June 11, 2018), ECF No. 2821 at 15).

Respondent, The United States of America ("government"), opposed petitioner's motion. **ECF No. 6**. It argues that petitioner cannot show that his counsel performed deficiently given that he argued for concurrent sentences. *Id.*, at 6. Further, the government argues that petitioner did not suffer any prejudice because U.S.S.G. § 531.3(d)(4)(D) does not apply to supervised release violations. *Id.*, at 7.

Where a petitioner moves to vacate his sentence on ineffective assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). More specifically, "[i]n order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced his defense.'" *Rojas-Medina v. United States*, 924 F.3d 9, 15 (1st Cir. 2019) (citing *Janosky v. St. Amand*, 594 F.3d 39, 45 (1st Cir. 2010)). Failure to satisfy either prong dooms the claim. *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010).

Petitioner's basis for claiming ineffective assistance of counsel is demonstrably defeated by the record, as his attorney clearly argued for the imposition of concurrent sentences during his revocation hearing. *See* Transcript of Revocation Hearing, *United States v. Rivera-Morena, et. al.*, Crim No. 07-121 (ADC) (D.P.R. June 11, 2018), ECF No. 2821 at 15-16). That alone is enough to dismiss his claim under *Strickland*. But in addition, petitioner's assertion that the Court should have applied U.S.S.G. § 5G1.3(d)(4)(D) fails for the reasons set forth by the government in its response. That is, Chapter Five of the U.S.S.G. applies to sentencing for offenses, but Chapter

Seven, under which petitioner was sentenced, applies to revocation proceedings. *See* U.S.S.G. § 7B1.3(f) (2016). Therefore, there was no error nor prejudice to speak of.

Consequently, petitioner has failed to show that his counsel's performance was in any way deficient and that he was prejudiced as a result. For that reason, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 at **ECF No. 1** is **DENIED**.[1] Judgment dismissing this case shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of January, 2024.

                                         **S/AIDA M. DELGADO-COLÓN**
                                         **United States District Judge**

---

[1] The Court notes, as the government and Mr. Mora-Rolland do, that petitioner is no longer incarcerated, having been released on January 6, 2023, and that he is currently serving a 72-month term of supervised release. Nonetheless, the Court consider this fact irrelevant to its *Strickland* analysis.